UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| GEORGE P. FHIARAS, ) | CASE NO. 1:11 CV 2487 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, ) | AND ORDER |
| ) | |
| Defendant. ) | |

*Introduction*

On November 16, 2011, Plaintiff *pro se* George P. Fhiaras, an inmate at the Cuyahoga County Jail, filed this 42 U.S.C. § 1983 action against the State of Ohio. The Complaint alleges that the trial judge in Plaintiff's Ohio criminal case has been biased and partial and "only appointed defense attorneys he chooses." Plaintiff is very unsatisfied with appointed counsel's performance, and further alleges he was falsely accused and never provided a preliminary hearing. (ECF Doc 1). He seeks $3 billion in compensatory damages, $1 billion in punitive damages, and dismissal of pending criminal charges. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

*Standard of Review*

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the

court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

*Discussion*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them.  *Beaudette*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

*Discussion*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim.  The purpose of a preliminary hearing is to determine whether sufficient facts exist to allow the trial court to bind the accused over to the grand jury.  *State v. Wigglesworth*, 18 Ohio St.2d 171, 174(1969).  There is no constitutional right to a preliminary hearing, however, when an indictment is returned.  *Zaffino v. Konteh*, 2006 WIL 2360902 * 4 (N.D.Ohio, Aug. 15, 2006); *State ex rel. Pena v. Konteh*, 2007 WL 2216967 *1 (Ohio App. 6th Dist., Aug. 1, 2007).

Further, a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971).  Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings

afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The issues presented in the Complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff has not set forth facts which reasonably suggest the Ohio courts cannot or will not provide an adequate opportunity for him to raise his constitutional claims. Consequently, this court is required to abstain from intervening in the Ohio court proceedings.

Finally, to the extent Plaintiff challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).

*Conclusion*

Accordingly, this action is dismissed under section 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 2/8/12